# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-2319

_____

William Lewis Herron,                          *
                                               *
           Appellant,                          *
                                               *
     v.                                        *
                                               *
Scott O. Wright; William A. Knox;              *
Robert F. Connor; Jackie Price;                *
Doro Schriro; George Lombardi;                 *
Dale Riley; Bill M. Armontrout;                *
Steve Long; Michael Groose; David              *
Dormire; Donald Cline; Robert                  *
Acree; Elmer Wankum; Tom Fisher;               *    Appeal from the United States
Jon Kirk; Daniel Kempker; Cecil                *    District Court for the
Pettis; Vernon Taylor; Earl                    *    Western District of Missouri.
Halderman; Dick D. Moore; Claudia              *
J. York; Kelly Mescher; Richard                *          [UNPUBLISHED]
S. Arnold; Theodore                            *
McMillian; John R. Gibson; Pasco               *
M. Bowman; George Fagg; Roger                  *
Wollman; Frank Magill; C. Arlen                *
Beam; James Loken; David Hansen;               *
Myron Bright; U.S. District                    *
Court, Western Missouri; USA;                  *
John Sydow; Lisa Jones,                        *
                                               *
           Appellees.                          *

_____

Submitted:  February 19, 1997

Filed:  June 3, 1997

_____

Before MORRIS SHEPPARD ARNOLD, LAY, and MURPHY, Circuit Judges.

_____

PER CURIAM.

     William Herron appeals from the district court's order granting defendants' motion to dismiss his 42 U.S.C. § 1983 action.  We affirm in part, and reverse and remand in part.

Herron has been confined in Level I of the Special Management Facility (SMF) at the Jefferson City Correctional Center (JCCC) since December 1986, when he was reassigned from Level II because of his history of escapes and attempted escapes. Herron has previously litigated the constitutionality of his transfer to the most restrictive level of administrative segregation. See, e.g., Sanders v. Woodruff, 908 F.2d 310 (8th Cir.), cert. denied, 498 U.S. 987 (1990). In December 1993, Herron filed this action against prison officials and administrators of the Department of Corrections seeking injunctive relief and damages. Herron claimed that his continued confinement in SMF violated his due process and Eighth Amendment rights. He also argued various defendants denied him due process by filing false classification reports against him, by refusing to assist him in filing grievances, by conspiring to refuse to advise defendant Dora Schriro of his continued confinement, and by conditioning his release from solitary confinement on his taking psychological tests, without showing a need for them. Herron also raised pendent state law claims.

In April 1996, the district court granted defendants' motions to dismiss. The court concluded that Herron's claim he should be released from Level I was foreclosed by Sanders. Determining that Herron's continued segregation was not arbitrary or purposeless, the district court also concluded that Herron's confinement did not amount to an "atypical and significant hardship" under Sandin v. Conner, 115 S. Ct. 2293 (1995), which would entitle him to any more due process than he currently received by periodic review of his classification status. The court further concluded that it was "not unreasonable" to require Herron to undergo a psychological test before approving a release from Level I; that Herron's confinement in Level I did not constitute cruel and unusual punishment; and that he did not state a conspiracy claim. The district court dismissed any pendent state law claims.

We review de novo the grant of dismissal under Federal Rule of Civil Procedure 12(b)(6), viewing the complaint in the light most favorable to Herron, and affirming only if it appears beyond doubt that he can prove no set of facts that would entitle him to relief. See Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 445 (8th Cir. 1995) (standard of review).

We agree with the district court that Herron's claims relating to his transfer to Level I on December 10, 1986, are foreclosed by our decision in Sanders v. Woodruff.[1] We conclude, however, that the district court erred in summarily dismissing Herron's claim that his continued confinement in Level I for ten years was not atypical or a significant hardship. Following the Supreme Court's decision in Sandin, in determining whether Herron's ten years in Level I implicated for him a liberty interest, the district

---

[1]In May 1996, we enjoined Herron from filing "any further pleading concerning his December 10, 1986 transfer." Herron v. Woodruff, No. 95-1861 (8th Cir. May 2, 1996) (unpublished per curiam). Appellees have moved to dismiss this appeal because Herron has been prohibited from relitigating his assignment to Level I. Because Herron filed his notice of appeal in this case six days after Herron v. Woodruff was decided, we deny the motion to dismiss the appeal on this basis.

court was required to consider whether the interest alleged to have been violated was one of "real substance," e.g., freedom from state action that will "inevitably affect the duration of [a] sentence," or freedom from restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 115 S. Ct. at 2298, 2300, 2302. The length of time of a prisoner's segregation is a significant factor in the determination of whether the confinement is an "atypical and significant hardship." See id. Herron's confinement for ten years in the most restrictive unit of JCCC appears to be beyond typical and insignificant. Because the district court did not cite any factual basis for concluding that the segregation did not impose on Herron an "atypical and significant hardship," Sandin, 115 S. Ct. at 2300, we remand for further factual findings.

The district court's summary statement that Herron's confinement was not cruel and unusual punishment failed to treat Herron's allegations in the light most favorable to him. So viewed, Herron's allegations may have stated a claim. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978) ("[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of `grue' might be tolerable for a few days and intolerably cruel for weeks or months.").

We conclude the district court correctly dismissed Herron's remaining claims. Accordingly, we affirm in part, and reverse and remand for further proceedings consistent with this opinion. We deny Herron's motion for injunctive relief and for appointment of counsel. We also amend the district court's judgment to reflect that the dismissal of the pendent state law claims is without prejudice.

-4-

LAY, Circuit Judge, concurring.

I fully concur in the per curiam opinion. I would suggest that there is an urgency to hold an evidentiary hearing in this matter and, on that basis, I would suggest that the hearing be expedited. There is no doubt that appointment of counsel is likewise warranted.

```
A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.
```