# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3230

_____

William Lewis Herron,                  *
                                       *
            Appellant,                 *
                                       *
    v.                                 *
                                       *
Dora Schriro; George Lombardi; Dale    *
Riley; Bill M. Armontrout; Michael     *
Groose; David Dormire; Donald          *
Cline; Robert Acree; Elmer Wankum;     *
Tom Fisher; Jon Kirk; Daniel Kempker;  *
Cecil Pettis; Vernon Taylor; Earl      *
Halderman; Dick D. Moore; John         *   Appeals from the United States
Sydow; Lisa Jones; Scott O. Wright;    *   District Court for the Western
William A. Knox; Robert F. Connor;     *   District of Missouri.
Jackie Price; Steve Long; Kelly        *
Mescher; Richard S. Arnold; Theodore   *        [UNPUBLISHED]
McMillian; John R. Gibson; Pasco       *
Bowman; George Fagg; Roger             *
Wollman; Frank Magill; C. Arlen        *
Beam; James Loken; David Hansen;       *
Myron Bright; U.S. District Court,     *
Western Missouri; United States of     *
America,                               *
                                       *
            Appellees.                 *

_____

No. 99-3232

_____

William Lewis Herron,                              *
                                                   *
         Appellee,                                 *
                                                   *
   v.                                              *
                                                   *
Dora Schriro; George Lombardi; Dale               *
Riley; Bill M. Armontrout; Michael                *
Groose; David Dormire; Donald                     *
Cline; Robert Acree,                              *
                                                   *
         Appellants,                               *
                                                   *
Elmer Wankum,                                      *
                                                   *
         Defendant,                                *
                                                   *
Tom Fisher,                                        *
                                                   *
         Appellant,                                *
                                                   *
Jon Kirk; Daniel Kempker,                          *
                                                   *
         Defendants,                               *
                                                   *
Cecil Pettis; Vernon Taylor,                       *
                                                   *
         Appellants,                               *
                                                   *
Earl Halderman,                                    *
                                                   *
         Defendant,                                *
                                                   *
Dick D. Moore; John Sydow,                         *
                                                   *
         Appellants,                               *
                                                   *

| | |
|---|---|
| Lisa Jones; Scott O. Wright; | * |
| William A. Knox; Robert F. Connor; | * |
| Jackie Price; Steve Long; Claudia J. | * |
| York; Kelly Mescher; Richard S. | * |
| Arnold; Theodore McMillian; John R. | * |
| Gibson; Pasco Bowman; George Fagg; | * |
| Roger Wollman; Frank Magill; | * |
| C. Arlen Beam; James Loken; David | * |
| Hansen; Myron Bright; U.S. District | * |
| Court, Western Missouri; United States | * |
| of America, | * |
| | * |
| Defendants. | * |

_____

Submitted:  April 6, 2001

Filed:  April 12, 2001
_____

Before MORRIS SHEPPARD ARNOLD, LAY, and MURPHY, Circuit Judges.
_____

PER CURIAM.

William Herron has been continuously confined in Jefferson City Correctional Center's (JCCC's) most restrictive administrative segregation (ad seg) housing unit since December 1986.  Mr. Herron's history of escape attempts and his initial placement in ad seg unit 5C (formerly Level I of the Special Management Facility) are described in Sanders v. Woodruff, 908 F.2d 310, 311-12, 314 (8th Cir.), cert. denied, 498 U.S. 987 (1990).  In Sanders, we held that Mr. Herron did not have a liberty interest preventing his reassignment from one ad seg unit to a more restrictive ad seg unit.  See id. at 311-13.

Years later, Mr. Herron filed the instant 42 U.S.C. § 1983 action, complaining this time about the conditions associated with his long-term ad seg confinement, and arguing that his confinement constituted cruel and unusual punishment, and that prison officials had denied him due process by conditioning his release from solitary confinement on his submitting to psychological testing, without showing a need for mental health treatment. We reversed in part the district court's dismissal of Mr. Herron's complaint, remanding for further factual findings on whether Mr. Herron's segregation imposed an "atypical and significant hardship" entitling him to due process, and for consideration of Mr. Herron's Eighth Amendment claim. See Herron v. Wright, No. 96-2319, 1997 WL 292333 (8th Cir. June 3, 1997) (unpublished per curiam) (citing Sandin v. Conner, 515 U.S. 472, 484 (1995)). We affirmed, however, the dismissal of Mr. Herron's previously litigated claim related to his transfer to unit 5C, and of his state law claims, although we amended their dismissal to be without prejudice.

On remand, the district court[1] conducted a five-day bench trial, partially granted judgment in Mr. Herron's favor, awarded him nominal damages, and enjoined defendants from depriving him of the process he is due in the future. The court also awarded attorney's fees and expenses of $18,632.59 to Mr. Herron's counsel. The district court found that Mr. Herron's lengthy confinement, for more than thirteen years, in administrative segregation resulted in an atypical and significant hardship in relation to the ordinary incidents of prison life. Therefore, defendants could not continue to deprive Mr. Herron of the regular incidents of prison life in the general population without affording him due process. Although concluding that defendants generally afforded Mr. Herron the process he was due, the court found that they failed to provide him with all of the reasons for continuing his unit 5C ad seg assignment on some twelve occasions between 1995 and 1999. However, because the court found no causal

---

[1]The Honorable D. Brook Bartlett, late a United States District Judge for the Western District of Missouri.

connection between Mr. Herron's continued ad seg confinement and defendants' failure to give Mr. Herron all the reasons for their decision to disapprove his release to general population, the court found Mr. Herron was entitled to only nominal damages. In particular, the court found Mr. Herron's continuing refusal to submit to defendants' reasonable demand that he undergo psychological testing justified Mr. Herron's continued ad seg confinement. The court further ordered all current and future MDOC employees having any responsibility for Mr. Herron's confinement in ad seg, for as long as he remains in JCCC's unit 5C, not to deprive him of the process he is due, which is (a) periodic review of his ad seg assignment, (b) advance written notice of the time and place of the next review hearing, (c) a reasonable opportunity to be heard during the periodic review, and (d) written notice of <u>all</u> reasons for the decision reached at each level of the periodic review. In addition, the district court rejected Mr. Herron's Eighth Amendment claims upon finding no sufficiently serious deprivation, even considering the length of Mr. Herron's ad seg confinement. In awarding Mr. Herron attorney's fees and expenses, the district court reduced the requested fee amount of $48,483 to reflect Herron's partial success and the Prison Litigation Reform Act limits.

Having carefully considered the ten arguments advanced by Mr. Herron in his pro se appellate brief, we find none supports reversal. Likewise, the prison officials' cross-appeal arguments are without merit, as the district court's grant of limited injunctive relief and a partial fee award were well within its discretion, and the doctrine of qualified immunity does not shield defendants from compliance with an order for injunctive relief. Notably, Mr. Herron produced compelling evidence in support of his due process claim, and the district court nevertheless declined to second-guess the prison officials' decision to require Mr. Herron to submit to psychological testing as a prerequisite to consideration for release to the general population.

The judgment of the district court is affirmed. Mr. Herron's pending motions on appeal are denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.